UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Roxie Ann Hairston, | ) | Case No. 14-63222-lrc |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

_____

| | | |
|---|---|---|
| Roxie Ann Hairston, | ) | Adversary No.: _____ |
| | ) | |
| Plaintiff/Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mid America Mortgage, Inc., | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

_____

**ADVERSARY PROCEEDING TO DETERMINE DISCHARGEABILITY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 4007 AND 11 U.S.C. § 1328(c)(1)**
_____

Introduction

This action is brought by the Debtor to determine the dischargeability of the Debtor's mortgage debt held by Respondent, which is secured by the Debtor's residence, and is scheduled in the Debtor's bankruptcy.

**PARTIES, JURISDICTION, AND VENUE**

1. This is a core proceeding in that it arises in and is related to the above-captioned Chapter 13 case and under Title 11 of the United States Code.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. Federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code. Supplemental jurisdiction of the state law claims is conferred by 28 U.S.C. § 1367.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

5. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code, case number 14-63222-mhm, which case is presently pending before this court. The Plaintiff is hereinafter referred to as the "Plaintiff" or the "Debtor".

6. The Defendant, Mid America Mortgage, Inc., (hereinafter "Mid America" and referred to as Defendant or Respondent) is a corporation organized and existing under the laws of the State of Georgia and can be served with process via its registered agent, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

7. The Defendant can be and has been served with this complaint in accordance with Fed. R. Bank. P. 7004.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S MORTGAGE**

8. On January 14, 2013, Plaintiff and Academy Mortgage Corporation (hereinafter "Academy") entered into a loan transaction whereby Academy extended to Plaintiff a loan in the amount of $190,884.00 (the Mortgage").

9. As part of this transaction, Plaintiff executed a Note (the Note) in favor of Academy that set forth the terms of the Mortgage. In addition, Plaintiff contemporaneously executed a Security Deed in favor of Academy in Plaintiff principal residence located at 4421 Spring Mountain Lane, Powder Springs, Georgia 30127.

10. On or about July 23, 2014, the mortgage was transferred from Academy to Mid America, as evidenced by the Assignment recorded in the Superior Court of Cobb County on that date.

11. The last payment under the Note comes due on or about January 14, 2043.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF'S CHAPTER 13**

12. Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on July 8, 2014, and an order for relief was entered commencing the case on that date ("Bankruptcy Case").

13. In the Bankruptcy Case, the Debtor scheduled Mid America as a secured creditor holding a debt owed by the Debtor and secured by her principal residence (hereinafter referred to as the "Claim") (Doc. 1, p. 12, Sched. D).

14. Mid America was served with notice of the commencement of Debtor's bankruptcy case and Mid America's inclusion as a creditor by the Bankruptcy Noticing Center on July 11, 2014 (Doc. 8).

15. Debtor proposed an amended reorganization plan, hereinafter referred to as "the Plan" or "Plan" which provided for the treatment and payment of Defendant's claim in accordance with 11 U.S.C. § 1322(b)(5). (Doc. 53).

16. The Debtor's Plan, as amended, was confirmed by the Court on July 9, 2015. Defendant was served with the Order of confirmation by the Bankruptcy Noticing Center on July 12, 2015. (Docs. 59 & 60).

17. Because of the applicability of 11 U.S.C. § 1322(b)(2), Debtor's Mortgage debt to Defendant is not subject to discharge pursuant to 11 U.S.C. § 1328(c)(1). *Dukes v. Suncoast Credit Union (In re Dukes),* No. 16-16513, 2018 U.S. App. LEXIS 34340 (11th Cir. Dec. 6, 2018).

18. Notwithstanding the holding in *Dukes*, there is a split of authority on the application of 11 U.S.C. § 1328(c)(1) to claims such as that held by the Defendant. See, *In re Weigel*, 485 B.R. 327 (Bankr. E.D. Va. 2012). This results in a chilling effect, post-confirmation, on the financial interactions involving the Debtor's and Defendant, as well as third-parties that evaluate their financial relationship in the analysis and extension of future credit.

19. The Debtor seeks to alleviate these negative effects by exercising her rights as set forth in Fed. R. Bankr. P. 4007(a), and obtain a determination of the dischargeability of the Mortgage debt described herein.

WHEREFORE, Plaintiff prays for an Order and Judgment holding that the claim and Mortgage debt held by Defendant as described herein is not subject to discharge per 11 U.S.C. § 1328(c)(1).

Respectfully submitted, this 21st day of December, 2018.

       /s/
Matthew Berry
GA Bar No. 055663
Attorney for Debtor
BERRY AND ASSOCIATES
2751 Buford Hwy, Suite 600
Atlanta, GA 30324
(404) 235-3300
matt@mattberry.com